UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRIS K. BENNETT,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WYATT HULL,<br><br>　　　　　　　　Defendant. | CASE NO. 3:21-cv-05858-RSM-BAT<br><br>**ORDER STRIKING MOTION REGARDING FILING FEE DKT. 14, AND DENYING APPOINTMENT OF COUNSEL, DKT. 16.** |

On November 24, 2021, Plaintiff submitted a civil rights complaint, an application to proceed *in forma pauperis* (IFP) and letter indicating he was arranging to mail a check in the amount of $402.00 to pay for the filing fee. Dkt. 1. On November 30, 2021, the Court granted Plaintiff's IFP application and ordered Plaintiff's prison to calculate and collect repayment of the filing fee. Dkt. 4. On December 8, 2021, Plaintiff submitted a letter stating he had mailed a check in the amount of $402 to pay for the filing fee in this case, and the clerk returned it by confusing the check as related to a case Plaintiff withdrew in October 2021.

In the December letter, Plaintiff asked the Court to "stop the Motion to calculate and collect fees from this facility, Stafford Creek Corrections." *Id.* On December 13, 2021, the clerk received from Plaintiff a check for the filing fee. On February 3, 2022, Plaintiff filed a motion to compel the Washington State Department of Corrections to stop collecting the repayment for the

filing fee. Dkt. 14. Defendant filed a response that the Department of Corrections has reversed the filing fee deductions, returned them to Plaintiff and ceased taking deductions for the filing fee. Dkt. 18. As the Department of Corrections has granted Plaintiff his request, the Court finds the motion for return of fees should be stricken moot.

Plaintiff also moves for appoint of counsel. Dkt. 16. There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The Court considers the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved in assessing whether exceptional circumstances exist. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The complaint does not raise a complicated action that exceeds Plaintiff's abilities and thus the Court concludes the case does not present exceptional circumstances compelling appointment of counsel. Accordingly, for the reasons above, the Court **ORDERS:**

(1) The motion for the appointment of counsel, Dkt 16, is **DENIED** without prejudice.

(2) The motion for regarding collection of the filing fee, Dkt. 14, is **STRICKEN** as moot.

(3) The clerk shall provide the parties with a copy of this order.

DATED this 7th day of March, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge